UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN BOMKAMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-1569 CAS |
| ) | |
| HILTON WORLDWIDE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following transfer to the undersigned. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that plaintiff Brian Bomkamp is "a resident in the State of Missouri" who was injured on the premises of the Hilton Madison Monona Terrace hotel in Madison, Wisconsin, when he slipped and fell on ice outside the hotel's entrance. Complaint at 1, ¶¶ 1, 5. The Complaint alleges that defendant Hilton Worldwide, Inc. is a Delaware

corporation "with hotels located in the State of Missouri." Id., ¶ 2.[1] These allegations are insufficient for the Court to determine whether complete diversity of citizenship exists, and thus whether it has diversity jurisdiction over this matter.

The Complaint alleges that plaintiff resides in Missouri, but does not allege facts concerning his citizenship. "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 Moore's Federal Practice § 102.31; see Sanders, 823 F.2d at 215 n.1. In addition, the Complaint alleges that defendant is a Delaware corporation, but does not contain any allegations concerning its principal place of business. A corporation is deemed to be a citizen of both the State in which it is incorporated and the State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); Sanders v. Clemco Indus., 823 F.2d 214, 215 n.1 (8th Cir. 1987).

The Court will grant plaintiff seven (7) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **October 3, 2013**, plaintiff shall file an amended complaint that alleges facts establishing the parties' citizenship.

---

[1] The Court notes that defendant Hilton Worldwide, Inc. has filed a motion to dismiss this case on the grounds that (1) it does not own the Hilton Madison hotel in Madison, Wisconsin, where plaintiff alleges he was injured and, (2) in the alternative, venue is improper in this district. In the alternative, defendant moves for a transfer of venue to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of September, 2013.