**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRIAN BOMKAMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:13-CV-1569 CAS |
| v. ) | |
| ) | |
| HILTON WORLDWIDE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on defendant Hilton Worldwide, Inc.'s motion to reconsider plaintiff's motion for leave to file plaintiff's response in opposition to defendant's motion to dismiss out of time. Defendant states that plaintiff failed to respond to its first motion to dismiss and filed his opposition to its second motion to dismiss out of time. Defendant objects that the Court granted plaintiff leave to file his opposition before allowing the full response time to his motion to pass so that defendant could oppose it. Defendant argues that plaintiff should not be granted leave to file his opposition out of time because he has not shown excusable neglect. The motion to reconsider will be denied.

The Court agrees with defendant that plaintiff offers little excuse for his failure to meet applicable deadlines. This is not good practice, and the Court expects plaintiff's counsel to be aware of and meet all applicable deadlines in the future. The Court also urges both parties to indicate in future motions whether the motion is consented to or opposed, and refers the parties to the undersigned's judge's requirements and Federal Practice Tips, which are available on the Court's Internet website. See http://www.moed.uscourts.gov/sites/default/files/cas.pdf.

The Court finds defendant's motion to be without merit and bordering on frivolous. This case is in its early stages. Defendant asserts only that plaintiff twice missed his opposition deadline.

Defendant does not assert that it has suffered any prejudice as a result, and the Court does not readily see how it could.  "[T]he absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits[.]"  Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1006 (8th Cir. 2000).  Even if plaintiff did not respond to defendant's motion to dismiss, the Court would still be required to determine whether defendant is entitled to dismissal of this action.  Having a response from the plaintiff aids the Court in determining whether defendant's motion to dismiss should be granted or not.[1]

With these considerations in mind, the Court viewed plaintiff's motion for leave to file his response out of time to be in the nature of an informal matter, and chose to grant the motion without benefit of opposition.  Having now taken the time to consider defendant's two-page motion and six-page memorandum for reconsideration of its order granting leave to file plaintiff's opposition to the motion to dismiss, the Court sees absolutely no reason to alter its prior ruling.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Reconsider is **DENIED**.  [Doc. 27]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of November, 2013.

---

[1]The Court notes that defendant's motion to dismiss plaintiff's original complaint did not assert that the Court lacked subject matter jurisdiction over plaintiff's complaint.  The Court ordered plaintiff to file an amended complaint to allege facts to show the existence of the requisite diversity of citizenship of the parties, because "[i]n every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006).