# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN BOMKAMP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HILTON WORLDWIDE, INC., )<br>)<br>Defendant. ) | No. 4:13-CV-1569 CAS |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant Hilton Worldwide, Inc.'s ("HWI") Motion to Dismiss Plaintiff's First Amended Complaint. The motion seeks dismissal based on (1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; (2) failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.; and (3) improper venue pursuant to Rule 12(b)(3), Fed. R. Civ. P. In the alternative, HWI moves to transfer venue of this action to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). Plaintiff Brian Bomkamp opposes the motion and it is fully briefed. For the following reasons, the Court will deny the motion to dismiss in all respects and grant the alternative motion to transfer venue.

## I. Background

Plaintiff Brian Bomkamp alleges that he was injured on the premises of the Hilton Madison Monona Terrace hotel (the "Hilton Madison") in Madison, Wisconsin, when he slipped and fell on ice on the driveway outside the hotel's entrance on February 7, 2013. Plaintiff alleges that HWI knew or should have known of the ice and failed to use ordinary care to remove the ice, barricade the area, warn of the ice, or otherwise remedy the condition. Plaintiff alleges that as a result of the

fall, he suffered injuries to his neck, back and upper right extremity that are permanent, progressive and cause him pain and discomfort, and have caused him to incur medical and other healthcare related expenses.

The original complaint filed in this case asserted that the Court had jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The original complaint alleged that plaintiff was a "resident" of Missouri, Complaint at 1, ¶ 2 (Doc. 1), and that defendant HWI was a Delaware corporation "with hotels located in the State of Missouri." Id., ¶ 2. HWI filed its Answer to the Complaint and simultaneously filed a motion to dismiss pursuant to Rule 12(b)(3) and 12(b)(6), Fed. R. Civ. P., but did not move to dismiss for lack of subject matter jurisdiction.

The Court concluded the original complaint's factual allegations relating to jurisdiction were insufficient for it to determine whether complete diversity of citizenship existed, and ordered plaintiff to file an amended complaint alleging facts establishing the parties' citizenship. See Mem. and Order of Sept. 26, 2013 (Doc. 13). When plaintiff complied with the Order and filed his First Amended Complaint, the Court denied as moot, without prejudice, HWI's motion to dismiss the original complaint. See Order of Oct. 2, 2013 (Doc. 15).

With respect to factual allegations concerning the parties' citizenship, plaintiff's First Amended Complaint ("Complaint") (Doc. 14) alleges that Bomkamp is a citizen and resident of the State of Missouri, Complaint at 1, ¶¶ 3, 5, and that defendant HWI is a Delaware corporation with its principal place of business located in the State of Virginia. Id., ¶ 1. Plaintiff also alleges that HWI has sufficient minimum contacts with the State of Missouri to justify the exercise of personal jurisdiction over it by this Court, including the ownership, operation and management of hotel properties in Missouri. Id., ¶ 4.

HWI filed an Answer to the Complaint and then filed the instant motion to dismiss. The Court will separately address the three grounds asserted in HWI's motion to dismiss.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

HWI moves to dismiss for lack of subject matter jurisdiction asserting that plaintiff's Complaint fails to correct the pleading deficiencies of the original Complaint, as it fails to allege a factual basis for complete diversity of citizenship between the parties.

As a threshold matter, the consolidation and waiver provisions of Rule 12 "make clear that to avoid waiving most available Rule 12 defenses or objections, a party must raise them in one initial motion or, if none if filed, in the first responsive pleading." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.20 (3d ed. 2013). "Rule 12 further dictates that such a motion must be made before any responsive pleading, so it is sometimes referred to as a pre-answer or Rule 12 motion." Id. In this case, in response to both the original and amended complaints, HWI filed its answer prior to filing its Rule 12 motion, and did not raise lack of subject matter jurisdiction as an affirmative defense in either answer. Lack of subject matter jurisdiction, however, cannot be waived. See Fed R. Civ. P. 12(h)(3).

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Distinguishing between a facial and factual challenge is critical to determining how the Court should proceed when resolving a motion to dismiss for lack of subject matter jurisdiction. Under a facial challenge to jurisdiction, a court restricts itself to the face of the pleadings, Osborn, 918 F.2d at 729, n.6, and all of the factual allegations concerning jurisdiction in the plaintiff's complaint are presumed to be true, while under

3

a factual challenge no presumptive truthfulness attaches. See Titus, 4 F.3d at 593 & n.1. The motion asserting a facial challenge will be successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id. Here, HWI makes a facial challenge to plaintiff's complaint.[1] Accordingly, for purposes of this motion, all factual allegations are accepted as true.

HWI states that plaintiff alleges he is a "resident" of the State of Missouri, and contends that plaintiff fails to adequately plead HWI's citizenship because he alleges only that HWI is a Delaware corporation and "has not shown where HWI's principal place of business is located, nor has Plaintiff made any reference to HWI's 'nerve center.'" Def.'s Mem. Supp. Mot. Dismiss at 6. HWI also asserts that plaintiff has alleged facts which appear to indicate that HWI's nerve center may in fact be in Missouri, because he alleges that HWI "conducts substantial business in the State of Missouri, to include ownership, operation, and management of hotel properties in the State of Missouri and directs activities towards the residents and citizens of the State of Missouri." Complaint at 1, ¶ 4.

HWI's assertions are factually incorrect and appear to be based on a misreading of the Complaint. Plaintiff's Complaint sufficiently asserts the requisite jurisdictional facts necessary to establish subject matter jurisdiction, because it alleges that plaintiff is a citizen of Missouri and that HWI is a Delaware corporation with its principal place of business in Virginia. These factual allegations are sufficient to establish complete diversity of citizenship and confer subject matter jurisdiction on this Court.

---

[1] Defendant HWI does submit the Affidavit of Frank Bruner in support of its motion to dismiss, but the Affidavit does not address fact issues relevant to subject matter jurisdiction. Instead, the Affidavit avers facts related to HWI's motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and will be discussed in connection with that ground of HWI's motion to dismiss.

The Supreme Court has adopted the "nerve center" test for determining where a corporation's principal place of business is located for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1), see Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). HWI cites no legal authority, however, for the proposition that a plaintiff must plead using the term "nerve center" as opposed to principal place of business. Further, the Court disagrees with HWI's assertion that the Complaint pleads facts which may tend to show HWI's nerve center is located in Missouri. The Complaint asserts the legal conclusion that HWI has sufficient minimum contacts with Missouri to justify the exercise of personal jurisdiction over it, and then supports this conclusion with the factual assertions that HWI conducts substantial business in Missouri, owns and operates hotels here, and directs activities toward Missouri residents. In contrast, the Supreme Court described the principal place of business or "nerve center" of a corporation as the location–most often the corporate headquarters–where corporate officers exercise control of the corporation's activities, as follows:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Hertz, 559 U.S. at 92-93. The allegations of plaintiff's Complaint do not address the location of HWI's headquarters, or the place where its officers direct, control and coordinate its activities. Plaintiff's allegations are therefore not properly understood to concern HWI's "nerve center."

HWI's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) should be denied, as plaintiff adequately alleges the requisite jurisdictional facts, which the Court accepts as true on this facial challenge. See Titus, 4 F.3d at 593 & n.1.

**III. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted**

HWI also moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), on the basis that plaintiff has sued the wrong defendant. Technically, under Rule 12(b), Fed. R. Civ. P., a motion to dismiss for failure to state a claim upon which relief can be granted must be "made before pleading if a responsive pleading is allowed." As stated above, HWI filed its answer before filing the instant motion. Rule 12(h)(2)(B) provides, however, that a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c). The Court will therefore construe HWI's motion to dismiss as a motion under Rule 12(c). See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).

"A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotation marks and quoted case omitted). "Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint." Id. (brackets and quoted case omitted). "The facts alleged in the complaint must be enough to raise a right to relief above the speculative level." Id. (internal quotation marks and quoted case omitted). The Court must "accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.'" Hamilton v. Palm, 621

F.3d 816, 819 (8th Cir. 2010) (quoting Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)).

In considering a Rule 12(c) motion, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. Rule 12(d), Fed. R. Civ. P. "Matters outside the pleadings" include any written evidence "in support of or in opposition to the pleading that provide[s] some substantiation for and does not merely reiterate what is said in the pleadings." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (quoted case omitted). Where the court does not exclude the matters outside the pleadings and treats the motion as one for summary judgment, it must provide the parties with notice and an opportunity to provide further materials. See Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000) (discussing Rule 12(b)(6) motion).

HWI submitted the Affidavit of Frank Bruner (the "Bruner Affidavit") in support of its motion to dismiss. The Bruner Affidavit asserts facts contesting plaintiff's allegations that HWI is the owner or operator of, or has a duty to maintain, the Hilton Madison hotel at which plaintiff alleges he fell and was injured. HWI argues that based on the content of the Bruner Affidavit, it is not the owner of the hotel where plaintiff fell and is not responsible for its day-to-day activities, and therefore the Complaint cannot allege facts that state a plausible claim for relief. The Bruner Affidavit submitted by HWI is a matter outside of the pleadings. Based on the early timing of HWI's motion for judgment on the pleading and because the affidavit raises issues that require

7

discovery, the Court will decline to treat the motion as one for summary judgment and will exclude the Bruner Affidavit from consideration.[2]

HWI's argument in support of judgment on the pleadings is based entirely on the contents of the excluded Bruner Affidavit. As a result, HWI fails to meet its burden to establish that the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). HWI's motion to dismiss under Rule 12(b)(6), construed as a motion for judgment on the pleadings under Rule 12(c), should therefore be denied.

## IV. Motion to Dismiss for Improper Venue

HWI moves to dismiss this action for improper venue under Rule 12(b)(3), arguing that venue is proper only in a judicial district where a substantial portion of the activities giving rise to the claim occurred under 28 U.S.C. § 1391(b)(2), and that none of the activities giving rise to plaintiff's claim occurred in this district.[3]

"Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action when the action is not filed in the proper venue." Sudden Valley Supply LLC v. Ziegmann, 2013 WL 2099440, at *4 (E.D. Mo. May 14, 2013). "Where no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.32[4] (3d ed. 2013); see also Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012). "The moving party has the burden of establishing that venue is improper." 2 Moore's Federal Practice § 12.32[4] (cited case omitted).

---

[2]HWI could have filed a motion for summary judgment asserting that it is not the owner or operator of and not responsible for maintenance at the Hilton Madison hotel, but did not do so.

[3]The defense of improper venue was raised in HWI's answer, so it is not waived.

8

The general venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

HWI's argument ignores the first subsection of § 1391(b), which also permits venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Because HWI is the only defendant, "all" defendants necessarily reside in the same state. Venue is therefore proper if HWI "resides" here. A corporate defendant "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). The venue statute thus uses personal jurisdiction as a proxy for residence. 14D Charles Alan Wright, et al., Federal Practice and Procedure § 3811.1 (3d ed. 2007). The Eighth Circuit has stated, "If personal jurisdiction exists at the commencement of the action, then venue is proper under 28 U.S.C. § 1391(b)." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1392 (8th Cir. 1991) (discussing prior version of § 1391).

Consequently, to determine whether HWI "resides" in this district, the proper inquiry would be whether HWI is subject to personal jurisdiction in the Eastern District of Missouri with respect to this action. There is no dispute, however, that HWI is subject to personal jurisdiction here. Lack of personal jurisdiction is a personal defense that is waived unless timely asserted. Carlson v.

9

Hyundai Motor Co., 164 F.3d 1160, 1163 (8th Cir. 1999). To preserve an objection to personal jurisdiction, a defendant must either assert the defense in its answer or in a pre-answer Rule 12 motion. Fed. R. Civ. P. 12(h)(1)(A). Failure to include an objection to personal jurisdiction in either the defendant's answer or a previous Rule 12 motion waives the underlying defense. Id.; see Alger v. Hayes, 452 F.2d 841, 844 (8th Cir. 1972) ("it is a well settled rule that if the defense [of lack of personal jurisdiction] is neither raised by motion before answer nor stated in the answer, it cannot be raised for the first time by motion after the answer.").

HWI waived the defense of lack of personal jurisdiction by failing to raise it as an affirmative defense in its answer. Because HWI waived any objection to this Court's exercise of personal jurisdiction, this forum is also a proper venue. See Eagle's Flight of Am., Inc. v. Play N Trade Franchise, 2011 WL 31726, at *3 (D. Minn. Jan. 5, 2011) (citing cases); Dakota Indus., 946 F.2d at 1392 (venue is proper where personal jurisdiction exists). As another district court has cogently observed, "It would defy logic to deem [HWI] subject to this Court's personal jurisdiction, due to waiver, yet dismiss the [plaintiff's] claims against it for improper venue, due to lack of residency or, in other words, for want of personal jurisdiction." Centreville ALF, Inc. v. Balanced Care Corp., 197 F.Supp.2d 1039, 1048 (S.D. Ohio 2002). See also Carlson, 164 F.3d at 1163 (party may submit to district court's jurisdiction by appearance). Accordingly, venue is proper here under 28 U.S.C. § 1391(b)(1) and HWI's motion to dismiss for improper venue under Rule 12(b)(3) should be denied.

## V. **Alternative Motion to Transfer Venue**

The Court now turns to HWI's alternative motion to transfer venue of this case to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). A defendant's waiver of its personal jurisdiction argument does not foreclose a motion to transfer venue under § 1404(a). Lawson Screen

Prods., Inc. v. Nor-Cote Int'l, Inc., 2010 WL 4780469, at *1 n.1 (E.D. Mo. Nov. 17, 2010) (citing cases).

Section 1404(a) permits the transfer of cases from an initial forum choice that is legally proper to another forum "solely to promote litigation convenience and efficiency." Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 589 n.3 (8th Cir. 2007). Because "federal courts give considerable deference to a plaintiff's choice of forum," however, the "party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997).

The threshold inquiry in ruling on a motion under § 1404(a) is whether a case "might have been brought" in the proposed transferee district. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Then, in determining whether to transfer the action, a court must consider the three general categories of factors stated in § 1404(a): (1) The convenience of the parties, (2) the convenience of the witnesses, and (3) whether the transfer would be in the interest of justice. Terra Int'l, 119 F.3d at 691. "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

With respect to the "convenience" categories, the Eighth Circuit has stated it is appropriate for a court to consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses–including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the application of each forum state's substantive law.

Id. at 696. As for the "interests of justice" category, a court may consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Id.

HWI argues that transfer is appropriate to the Western District of Wisconsin because this case could have been brought in that district, as plaintiff's alleged injury occurred there. HWI argues that convenience of the parties favors transfer, because the proper defendant and all of its relevant documents and representatives are located in Wisconsin; and that the convenience of the witnesses also favors transfer. HWI asserts that production of witnesses, including Hilton Madison employees, will be more costly in Missouri than in Wisconsin. HWI concedes that it is unclear what witnesses from the Hilton Madison may testify, but argues that plaintiff alleges the incident occurred in Wisconsin and "without a doubt, evidence and witnesses pertinent to this litigation are located in Wisconsin." Def.'s Mem. Supp. at 12. HWI asserts that the interests of justice favor transfer of the case, because although a presumption in favor of the plaintiff's forum choice usually exists, the plaintiff's choice is afforded significantly less deference when the plaintiff does not reside and the underlying events did not occur in the chosen forum, citing <u>Dube v. Wyeth LLC</u>, 2013 WL 1163498, at *2 (E.D. Mo. Mar. 20, 2013). Thus, HWI concludes plaintiff's choice of forum is entitled to little deference.[4]

Plaintiff responds that the convenience of the parties does not favor transfer, as he resides in Missouri and his expense to travel to Wisconsin would be "tremendous," while HWI is a large corporation with "tremendous financial assets," for which the expense would be of little concern.

---

[4]Puzzlingly, HWI fails to recognize that the Complaint alleges plaintiff is, in fact, both a resident and citizen of Missouri.

12

Pl.'s Response at 5. Plaintiff also states that because both parties have Missouri counsel, it would be convenient for both parties if the case were to remain in this district. Plaintiff asserts that the convenience of the witnesses factor favors retaining the case in this district, as all of his treating physicians are located in Missouri and it would be costly and difficult to have them produced in Wisconsin. Plaintiff also asserts that HWI is likely to have only "a couple witnesses and therefore the cost would be lower for them." Pl.'s Resp. at 6. Finally, plaintiff contends that the interests of justice favor keeping the case here, as he resides in Missouri and his witnesses and medical records are here, and he would incur great expense in travel and production of witnesses if the case were transferred.

In its Reply, HWI reiterates that plaintiff's choice of forum is entitled to significantly less deference when the plaintiff does not reside and the underlying events did not occur in the chosen forum, again failing to recognize that plaintiff resides in Missouri. HWI also notes, more aptly, that plaintiff's claim will be subject to the laws of the State of Wisconsin, as that is where his fall and injuries allegedly occurred.

With respect to the threshold inquiry on a motion to transfer venue, the Court finds that this case could have been brought in the Western District of Wisconsin. That district is the forum where plaintiff's injury is alleged to have occurred, and therefore a substantial part of the events or omissions giving rise to the claim occurred there. See 28 U.S.C. § 1391(b)(2). The Court now examines the relevant factors under § 1404(a).

The first factor, convenience of the parties, weighs against transfer. Plaintiff is a Missouri citizen and resident, and therefore Missouri is a more convenient forum for him. HWI argues that Wisconsin is a more convenient forum for *the correct defendant*, but does not argue that Wisconsin

is more convenient for itself. The Court notes that HWI is a Delaware corporation with its principal place of business in Virginia.

The second factor, convenience of the witnesses, is considered the most important and is entitled to the most weight in the analysis. See Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001). In examining this factor, it is appropriate to consider the materiality and importance of the anticipated witnesses' testimony and their accessibility and convenience to the forum. See Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991). The Court finds this factor weighs in favor of transfer, because it is reasonable to assume that important occurrence witnesses will reside in Wisconsin.[5] These witnesses will testify about material issues relevant to liability, such as the routine or regular maintenance of the Hilton Madison premises, specific maintenance or lack thereof on the day in question, weather and site conditions existing at the time of plaintiff's alleged fall, and the hotel's notice with respect to those conditions or prior incidents. There may also be eyewitnesses to plaintiff's fall. It would necessarily be more convenient for the occurrence witnesses if the litigation were to take place in Wisconsin. In addition, the occurrence witnesses would be beyond the reach of this Court's subpoena power. See Rule 45(c)(1)(A) (establishing 100-mile limit for subpoenas); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) ("Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."). Further,

---

[5]It is possible there may be occurrence witnesses who were guests of the hotel and do not reside in Wisconsin, but neither party has identified or discussed such potential witnesses.

the hotel's records will be located in Wisconsin, as well as any incident reports, police reports, and medical or hospital records concerning the immediate aftermath of plaintiff's fall.

This district would be a more convenient forum for plaintiff's physician witnesses, and his medical records are located here, but the physicians' testimony presumably will concern plaintiff's injuries as opposed to the occurrence. It is also likely that the testimony of plaintiff's physicians could be effectively presented in Wisconsin through depositions or video depositions without the expense of producing them there for live testimony. With the ability to send records electronically, increased costs relating to production of plaintiff's medical records in Wisconsin, as opposed to Missouri, should be minimal.

The final factor, the interests of justice, also weighs in favor of transfer to Wisconsin. The Court considers plaintiff's choice of forum under this factor and affords it deference, and also considers the expense to plaintiff, as an individual, of pursuing his case in Wisconsin. Significant counterbalancing considerations under this factor, however, are the conflict of law analysis and the benefit of having a local court determine questions of local law, which also affects judicial economy.

The Court applies Missouri choice of law rules to determine which state's law should govern, because federal courts sitting in diversity apply the forum state's choice of law principles. See American Guarantee and Liab. Ins. Co. v. United States Fid. & Guar. Co., 668 F.3d 991, 996 (8th Cir. 2012). "Missouri follows the 'most significant relationship' test from the Restatement (Second) of Conflicts of Laws § 145 [(1971)] for resolving choice-of-law questions in tort actions." Id. (cited case omitted). "Under Section 145, the factors to be considered are: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered." Id.

15

Under the most significant relationship test, "the identity of the state having the most significant relationship will depend upon the nature of the cause of action and upon the particular legal issue in dispute." Dorman v. Emerson Elec. Co., 23 F.3d 1354, 1358 (8th Cir. 1994). "Section 146 of the Restatement establishes the precise rule with respect to conflicts issues arising out of personal injury actions:"

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties, in which event the local law of the other state will be applied.

Dorman, id. (quoting Restatement § 146). "This formulation essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred[.]" Id. "In cases in which the injury and the conduct causing the injury occur in the same state, the Restatement principles are easy to apply." Id. (citing Restatement § 146 cmt. d ("noting that, subject only to rare exceptions, the local law of the state where the conduct and the injury occurred will be applied.")).

In the instant case, the conduct and the injury both occurred in Wisconsin. Therefore, under Missouri choice of law rules and Restatement §§ 145 and 146, Wisconsin has the most significant relationship to the accident and the parties, and its substantive law must be applied in this case.[6] The Supreme Court stated, "There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case[.]" Gulf Oil, 330 U.S. at 509.

---

[6]Wisconsin law would apply following transfer as well. "[I]f a district court in one state transfers an otherwise properly filed case to a district court in another state solely '[f]or the convenience of parties and witnesses,' 28 U.S.C. § 1404(a), the transferee court applies the choice-of-law rules of the state in which the transferor court sits." Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 585-86 (8th Cir. 2007) (citing Ferens v. John Deere Co., 494 U.S. 516, 531 (1990)).

16

This factor therefore favors transfer. See In re Apple, 602 F.3d 909, 915 (8th Cir. 2010) (per curiam).

Upon consideration of the appropriate factors, the Court finds that HWI has met its burden to prove that transfer of this case is warranted, based on the convenience of witnesses and the interests of justice. HWI's alternative motion to transfer this case to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a) should therefore be granted.

## VI. Conclusion

For the foregoing reasons, the Court concludes that defendant HWI's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) construed as a motion for judgment on the pleadings, and motion to dismiss for improper venue pursuant to Rule 12(b)(3), should be denied. The Court further concludes that HWI's alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should be granted, and this case transferred to the U. S. District Court for the Western District of Wisconsin.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Hilton Worldwide, Inc.'s motion to dismiss Plaintiff's First Amended Complaint, construed in part as a motion for judgment on the pleadings, is **DENIED**. [Doc. 17]

**IT IS FURTHER ORDERED** that Hilton Worldwide, Inc.'s alternative motion to transfer venue of this case to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. [Doc. 17]

An appropriate order of transfer will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of March, 2014.